[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Frank Citino against the remaining defendant John F. DeLucco. The counts against two other defendants, Richard J. McKenna and Paul C. Higgins, Inc. have previously been withdrawn.
It is an action based on a claim of negligent performance CT Page 11595 by the defendant of his assigned task as a professional appraiser to evaluate the damage to property owned by the plaintiff at 17-19 Squire Street in Hartford, which property was damaged in a fire on October 19, 1987.
Following his retention by the plaintiff, the defendant appraised the property and eventually was a member of a three-person arbitration panel which awarded the plaintiff $22,000 in damages. The plaintiff claims that the award was inadequate, that the defendant was unauthorized to represent him as a member of the panel and was negligent in his performance as a member of the arbitration panel.
The defendant has denied these allegations and has set forth seven special defenses.
Because this court has concluded that the plaintiff has not sustained any of the allegations of negligence contained in paragraph six of his complaint by a fair preponderance of the evidence, it need not and does not address the merit of the special defenses.
Factual Background and Conclusions as to the Allegations of Negligence
In 1985 the plaintiff experienced a fire loss on adjoining property to the Squire Street property which was arbitrated by Richard J. McKenna who was employed by the adjustment firm of Paul J. Higgins, Inc. Since the policy then in existence provided for arbitration, McKenna and Attorney Andrew Krevolin, participated in the arbitration of damages from that fire with one other person.
Similarly, in this case since the plaintiff and his insurer were unable to agree on the amount of damages to be paid to the plaintiff resulting from this fire, the arbitration clause was invoked by a letter from A. E. Oberhaus, the insurer's adjuster, to the plaintiff dated January 11, 1988 (Exhibit 5) invoking the "appraisal" clause in the policy which specified the arbitration procedure which eventually determined the loss in this case. The letter designated McKenna as its appraiser and gave his telephone number to the plaintiff.
The defendant had informed the plaintiff on more than one occasion that he was not an expert in evaluating damage to CT Page 11596 property (cost to repair) but that his expertise was only as a real estate appraiser and that he was qualified to evaluate a loss to real property based on its diminution of value on the real estate market.
Following this letter, McKenna received a telephone call from the plaintiff advising McKenna that the defendant was his "appraiser." McKenna thereupon notified the defendant of the impending meeting of the arbitrators. (Exhibit 6).
The plaintiff accompanied the defendant to the initial meeting of the arbitration panel on February 12, 1988 at the office of Attorneys Schatz and Schatz, Ribicoff and Kotkin.
The plaintiff participated in the initial discussions of the three arbitrators (the defendant, McKenna and Attorney Krevolin). Another meeting was scheduled for March 23, 1988. The defendant urged the plaintiff to attend but he did not.
The arbitrators all agreed that an award based on the actual physical damage would be excessive because it far exceeded the fair market value loss. The defendant's appraised diminution of value figure was approved unanimously at $22,000.
As has been previously stated, this court finds none of the allegations of negligence to have been proven.
Analyzing them severally, the following findings are made:
a b — these allegations claim that the defendant was not authorized to act on behalf of the plaintiff in the appraisal proceeding. Clearly the evidence is to the contrary. The plaintiff was well aware of the appraisal process, having experienced it in 1985. He was told to appoint an appraiser, which he did. He knew what the three arbitrators were doing when he attended the initial meeting;
c — as to the claim that the defendant was unlicensed to represent anyone at such proceeding, there is no evidence that any such license is required.
d e — as to the allegations that the defendant doesn't possess the necessary education and training to ascertain such CT Page 11597 a loss, the evidence is clear that the defendant is a licensed and qualified real estate appraiser and represented himself to the plaintiff and the other arbitrators as only that.
f g — as to the allegations that the defendant did not understand what he was doing or have sufficient basis to ascertain the amount of fire loss, there is no such evidence as to this claim.
Expert testimony would be required since the allegations sound in professional malpractice. Matyas v. Merrick,37 Conn. App. 321, 325, (95).
h i — as to the allegations that the defendant's award was incorrect and made despite his knowledge that a higher amount ($30,000) had been previously offered by the insurer do not comprise any allegations of negligence or actionable conduct against the defendant. To the contrary, the evidence demonstrated, and the court so finds, that the arbitrators took into account the damages to the property and the diminution in value to the property in accordance with the provisions of the policy. It further finds that the defendant did not know of the previous offer to the plaintiff.
Accordingly, the court having found none of the allegations of negligence to have been proven, finds the issues for the defendant.
Judgment may enter for the defendant, John F. DeLucco.
Freed, J.